IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02470-PAB-KLM

DR. BRADLEY BARNETT,

    Plaintiff,

v.

SUREFIRE MEDICAL, INC. and
DR. ARAVIND AREPALLY,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Seventh Claim for Unjust Enrichment and Memorandum of Points and Authorities in Support Thereof [Docket No. 18]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

## I. BACKGROUND[1]

This case involves a patented design for an anti-reflux catheter. *See* Docket No. 1 at 1. Plaintiff alleges that he developed the design in 2007 while working at Johns Hopkins Medical Institution ("JHMI") under the supervision of defendant Aravind Arepally. *Id.* at 4-7, ¶¶ 7, 11, 15, 18. In 2009, Dr. Arepally left JHMI and co-founded defendant Surefire Medical, Inc. ("Surefire"). *Id.* at 9-10, ¶¶ 23-24. On December 2, 2009, Surefire filed a revised provisional patent application for an anti-reflux catheter

---

[1]The facts stated below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true for purposes of the motion to dismiss.

design featuring an expandable and retractable mesh tip.  *Id.* at 10, ¶ 25.  On July 2, 2010, Surefire filed a non-provisional patent application (the "'525 Application") claiming priority from the revised provisional application and formally identifying Dr. Arepally as an inventor of the anti-reflux catheter design.  *Id.* at 11-12, ¶¶ 29-30.  On August 6, 2013, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,500,775 ('775 Patent") from Surefire's non-provisional patent application.  *Id.* at 12, ¶ 30; Docket No. 1-3 at 2.[2]  The '775 Patent describes a "protection device and method against embolization agent reflux" and lists James E. Chomas, Leonard Pinchuk, John Martin, and Aravind Arepally as inventors.  Docket No. 1-3 at 2.  Surefire is listed on the patent as the "assignee."  *Id.*  After the issuance of the '775 Patent, Surefire obtained additional patents based in whole or in part on the '525 Application.  Docket No. 1 at 12, ¶ 31.

As an inventor at JHMI, plaintiff claims he was "contractually entitled to compensation for commercialization of any patent that issued based on his invention pursuant to [Johns Hopkins University's] Intellectual Property Policy."  Docket No. 1 at 8, 12-13, ¶¶ 20, 32.  He further states that "there is a definitive reputational advantage [in academia] to being named an inventor on patents that result in medical products as well as receiving research grants utilizing said technology."  *Id.* at 13, ¶ 34.  Plaintiff alleges that Surefire and Arepally have derived substantial benefit from the anti-reflux catheter patents in the form of investments, compensation, and professional

---

[2]"Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

advancement.  *Id.* at 13, ¶¶ 35-37.  Plaintiff asserts that defendant Arepally has received at least $135,000 in consulting fees related to the anti-reflux catheters beginning in 2015.  *Id.*, ¶ 37.

Plaintiff filed this lawsuit on October 16, 2017 asserting six claims for correction of inventorship and damages in relation to various patents issued to Surefire, and one claim for unjust enrichment against Dr. Arepally.  *See id.* at 18-29.[3]  On November 30, 2017, defendants moved to dismiss the unjust enrichment claim under Fed. R. Civ. P. 12(b)(6) on the ground that the claim is barred by the applicable statute of limitations.  Docket No. 18.  Plaintiff filed a response to the motion on December 21, 2017, Docket No. 19, to which defendants replied on January 4, 2018.  Docket No. 20.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the

---

[3]By moving jointly to dismiss plaintiff's claim for unjust enrichment, defendants appear to construe the complaint as asserting claims for unjust enrichment against both Surefire and Arepally.  *See* Docket No. 18 at 1.  However, the title of plaintiff's unjust enrichment claim as well as the allegations supporting that claim suggest that the claim is being asserted only against Arepally.  *See* Docket No. 1 at 28 (asserting claim for "Unjust Enrichment to Arepally).  Plaintiff confirms that this is a correct reading of the complaint in its response to defendants' motion to dismiss.  *See* Docket No. 19 at 1 ("Surefire has stated no basis by which it would have standing to oppose a claim against Arepally in his individual capacity.").  Accordingly, to the extent that defendants move to dismiss plaintiff's unjust enrichment claim against Surefire, that portion of their motion is denied as moot.

mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Torrez v. Eley*, 378 F. App'x 770, 772 (10th Cir. 2010) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

### III. ANALYSIS

Defendants argue that plaintiff's unjust enrichment claim accrued no later than August 6, 2013, the date on which the '755 Patent was issued, and is therefore barred by the three-year statute of limitations in Colo. Rev. Stat. § 13-80-101(1). Docket No. 18 at 5. Plaintiff responds that (1) defendants have failed to show that Colorado law

4

applies rather than the law of Maryland or Georgia; (2) plaintiff's cause of action did not accrue in 2013 because Arepally had assigned all rights in the patent to Surefire and therefore obtained no benefit from the issuance of the patent until 2015; (3) even assuming Colorado law governs plaintiff's unjust enrichment claim, the applicable limitations period is six years, not three; and (4) there are extraordinary circumstances in this case precluding application of the statute of limitations to plaintiff's unjust enrichment claim. Docket No. 19 at 1-2.

### A. Whether a Six-Year Limitations Period Applies

Although the parties' briefs discuss the choice of law issue first, the Court will begin by addressing whether the six-year limitations period under Colo. Rev. Stat. § 13-80-103.5(1)(a) applies given that six years is the longest limitations period potentially applicable to plaintiff's unjust enrichment claim under Colorado, Maryland, or Georgia law.

Under Colorado law, "[e]quitable claims . . . are technically subject to an equitable laches rather than a legal statute of limitations analysis." *Sterenbuch v. Goss*, 266 P.3d 428, 436 (Colo. App. 2011). Absent extraordinary circumstances, "a court will usually grant or withhold relief by analogy to the statute of limitations relating to actions at law of like character." *Id.* (internal quotation marks and brackets omitted).

Colorado courts have typically assessed unjust enrichment claims, which are brought in quasi-contract or contract implied in law, "under the three-year statute of limitations for contract actions." *Id.* at 437 (citing Colo. Rev. Stat. § 13-80-101(1)(a)).[4]

---

[4]Colo. Rev. Stat. § 13-80-101(1)(a) provides that "[a]ll contract actions . . . , except as otherwise provided in section 13-80-103.5," must be "commenced within

5

Here, however, plaintiff contends that the six-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-103.5(1)(a) applies because his claim is for "a readily ascertainable amount," namely, "a percentage of the amount Arepally was paid beginning in 2015 related to commercialization of the patented inventions." Docket No. 19 at 11.

Section 13-80-103.5(1)(a) provides, in relevant part, that a six-year limitations period applies to "[a]ll actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action." Defendants argue that plaintiff's complaint "does not allege either a liquidated debt or a 'determinable amount' allegedly misappropriated by Arepally," and thus the three-year limitations period under Colo. Rev. Stat. § 13-80-101 applies. Docket No. 20 at 4.

In *Portercare Adventist Health System v. Lego*, 286 P.3d 525 (Colo. 2012), the Colorado Supreme Court held that a claim involves "liquidated debt" under § 13-80-103.5(1)(a) if "the amount owed is ascertainable either by reference to the agreement, or by simple computation using extrinsic evidence if necessary." *Id.* at 526. The court reasoned that the claim at issue, which sought the recovery of medical expenses, "involve[d] a liquidated debt because the amount owed was ascertained by adding pre-determined rates for the medical services provided." *Id.*

Plaintiff argues that his unjust enrichment claim also seeks recovery of a readily ascertainable sum because plaintiff seeks a percentage of the $135,000 Arepally has received in connection with the "commercialization of the patented inventions." Docket No. 19 at 11. The Court disagrees. While courts have applied the six-year statute of

three years after the cause of action accrues."

6

limitations in § 13-80-103.5(1)(a) to breach of contract and unjust enrichment claims, they have done so only when the parties' agreement or other extrinsic evidence in existence at the time of the loss provided a clear method for calculating the amount owed. *See, e.g.*, *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1086 (D. Colo. 2016) (finding that plaintiff's "FLSA, Colorado Minimum Wage, and breach of contract claims [were] based on entitlement to an hourly wage and [were] therefore claims for amounts that [were] 'easily calculable,'" but that quantum meruit claim was subject to a three-year statute of limitations); *Wornicki v. Brokerpriceopinon.com, Inc.*, No. 13-cv-03258-PAB-KMT, 2015 WL 1403814, at *3 (D. Colo. Mar. 23, 2015) (finding six-year statute of limitations applicable to a breach of contract claim where "the work orders at issue . . . state[d] a precise amount that real estate professionals would be paid for performing the work requested"); *Robert W. Thomas & Anne McDonald Thomas Revocable Trust v. Inland Pac. Colo., LLC*, No. 11-cv-03333-WYD-KLM, 2012 WL 2190852, at *4 (D. Colo. June 14, 2012) (finding that six-year statute of limitations applied to unjust enrichment claim where "the promissory note set forth a method for determining the amount due to the trust"); *BMGI Corp. v. Kirzhner*, No. 11-cv-00599-LTB-MEH, 2011 WL 6258481, at *6 (D. Colo. Dec. 15, 2011) (applying six-year limitations period to unjust enrichment claim where claim was based on assertion that defendant had failed to repay a loan having a "specified sum and due date"); *compare Farley v. Family Dollar Stores, Inc.*, No. 12-cv-000325-RBJ-MJW, 2013 WL 500446, at *3 (D. Colo. Feb. 11, 2013) (finding that damages were not liquidated or easily ascertainable where "there [was] a dispute as to the mutual understanding of the

7

parties and thus what overtime compensation, if any, the plaintiff [was] owed");
*Rotenberg v. Richards*, 899 P.2d 365, 368 (Colo. App. 1995) (finding that quantum meruit claim seeking "reasonable compensation for the services rendered in an amount to be determined by the fact finder" was not "determinable" for purposes of § 13-80-103.5). That is not the situation presented here. Plaintiff has given no indication of how he calculated the $135,000 sought in the complaint other than to state that it is the sum received by Arepally in exchange for consulting services. *See* Docket No. 1 at 13, 29, ¶¶ 37, 106. Plaintiff also has not disclosed any agreement or extrinsic evidence that would make the amount easily determinable. The Court declines to hold that the mere identification of a specific sum in a complaint is sufficient to make the amount owed "liquidated" or "determinable" for purposes of § 13-80-103.5(1)(a). Such a rule would conflict with the general principles governing limitations periods by crediting a plaintiff's artful pleading over the nature of the claim being asserted. *See Hersh Companies, Inc. v. Highline Village Assocs.*, 30 P.3d 221, 223-24 (Colo. 2001) ("In determining whether a claim falls within the purview of a particular statute of limitations, consideration should be given to the nature of the right sued upon and not necessarily the particular form of action or the precise character of the relief requested." (internal quotation marks omitted)); *see also Torres-Vallejo*, 220 F. Supp. 3d at 1086 (plaintiff's lack of documentation of deductions reducing his hourly pay may have affected his ability to "meet his burden of proof on the breach of contract claim" but did "not alter the underlying nature of [the] claim, or the statute of limitations applicable to it"). Accordingly, to the extent that Colorado law governs plaintiff's unjust enrichment claim, the three-year statute of limitations period in Colo. Rev. Stat. § 13-80-101(1)(a) applies.

*See, e.g., Torres-Vallejo*, 220 F. Supp. 3d at 1086.[5]

### B. Choice of Law

Defendant contends that plaintiff's unjust enrichment claim is governed by either Colorado law or Maryland law and is time-barred by the three-year statute of limitations applicable under each. *See* Docket No. 18 at 4 & n.2 (stating that an "in depth" conflict of laws analysis is unnecessary because "the relevant law of Maryland, the only other jurisdiction with significant contacts with the occurrence and the parties, does not differ from the law of Colorado"). Plaintiff counters that "it is far from clear" that Colorado law governs plaintiff's claims. Docket No. 19 at 5. He further suggests that the law of Georgia, which imposes a four-year statute of limitations on unjust enrichment claims, may apply. *See* Docket No. 19 at 5-6.[6] Plaintiff states that, "[a]t a minimum," he should be allowed discovery on the facts pertinent to the choice of law issue presented in this case. *Id.* at 6.

Because the Court is exercising supplemental jurisdiction over plaintiff's unjust

---

[5]Plaintiff also suggests that Colorado courts would likely borrow the six-year limitations period applicable to patent actions. The Court rejects this argument. Plaintiff has not cited any cases indicating that it is appropriate to apply a federal limitations period to a claim brought under state law, even where the claims are of a similar character.

[6]Neither party addresses why the complaint filed in this Court would not be time-barred under Georgia's four-year statute of limitations. However, assuming Georgia law governs plaintiff's unjust enrichment claim, Georgia's savings provision authorizes the refiling of a lawsuit involuntarily dismissed on a ground other than on the merits within six months of the dismissal, provided that the lawsuit was originally filed within the applicable limitations period. *See* Ga. Code Ann. § 9-2-61; *see also Ingle v. Specialty Distrib. Co.*, 681 F. Supp. 1556, 1561 (N.D. Ga. 1988) (noting that, notwithstanding the language of the savings statute, "Georgia courts have repeatedly held that the section applies to involuntary as well as voluntary dismissals where the merits are not adjudicated" (internal quotation marks omitted)).

9

enrichment claim, the Court applies the substantive law of Colorado, the forum state, including its choice of law rules. *See BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999).[7] Colorado has adopted the choice of law approach of the Restatement (Second) of Conflict of Laws, under which a court must apply the substantive law of the state having the "most significant relationship" to the issue. *See Chemiti v. Kaja*, No. 13-cv-00360-LTB-KMT, 2015 WL 585594, at *2 (D. Colo. Feb. 11, 2015); *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979) (noting that "the objective of the Restatement (Second) is to locate the state having the 'most significant relationship' to the particular issue"). In determining which state has the most significant relationship to an issue in an unjust enrichment claim, the Court is guided by the factors set forth in § 221 of the Restatement (Second) of Conflict of Laws. *See Galena Street Fund, L.P. v. Wells Fargo Bank, N.A.*, No. 12-cv-00587-BNB-KMT, 2013 WL 2114372, at *6 (D. Colo. May 15, 2013) (looking to Restatement (Second) § 221 for factors relevant to restitution claims). Section 221 applies to "claims . . . based neither on contract nor on tort, to recover for unjust enrichment" and lists five "contacts" to be taken into account in determining the law applicable to an issue:

> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship, (b) the place where the benefit or enrichment was received, (c) the place where the act conferring the benefit or enrichment was done, (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (e) the place where a physical thing, such as land or chattel, which was substantially related to the enrichment, was

---

[7]The same rule applies if the Court is exercising diversity jurisdiction. *See Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009).

10

situated at the time of the enrichment.

*Id.*, § 221.

Because a three-year limitations period applies to plaintiff's claim under both Colorado and Maryland law, *see Jason v. Nat'l Loan Recoveries, LLC*, 134 A.3d 421, 429 (Md. Ct. Spec. App. 2016) ("[I]n Maryland, a claim for unjust enrichment that seeks the remedy of restitution of money is subject to the general three-year statute of limitations . . . ."), the Court need only determine whether plaintiff's allegations are sufficient to rule out Georgia as the state having the "most significant relationship" to his unjust enrichment claim. *See* Docket No. 18 (noting that an "in depth" conflict of laws analysis is not required).

Applying the factors listed above, the Court agrees with defendant that either Colorado or Maryland has the "most significant relationship" to plaintiff's claim. The parties' relationship was centered in Maryland, where plaintiff alleges that he and defendant Arepally worked together at JHMI and were subject to Johns Hopkins' Intellectual Property Policy, under which students, faculty, and employees are entitled to compensation for inventions developed at the university. *See* Docket No. 1 at 4, 8, 12, ¶¶ 7, 20, 32. The act conferring the benefit, plaintiff's sharing of information related to the anti-reflux catheter design, also occurred in Maryland while plaintiff was under defendant Arepally's supervision. *See id.* at 4, ¶¶ 9-10. As for the domicile, residency, and place of business of the parties, this factor weighs in favor of Colorado. Although the parties are domiciled in Maryland (plaintiff), Colorado (Surefire), and Georgia (Arepally), Colorado is both Surefire's place of domicile as well as the state in which

Arepally regularly conducts business relevant to the claims asserted in the complaint. *See id.* at 2-3, ¶ 2.

Plaintiff argues that "it is not clear from what location [Arepally] performed the services [for which he received compensation] or if the benefits were conferred to him in Georgia." Docket No. 19 at 5. However, plaintiff alleges that Arepally conducted in Colorado "those activities that form the basis for [the] complaint." Docket No. 1 at 2-3, ¶ 2. While it is not clear whether Arepally received compensation for his consulting services in Colorado or Georgia, his place of residence, the Court finds this factor insufficient to establish Georgia as the state with the most significant relationship to plaintiff's claim given that both the parties' relationship and the act conferring the benefit occurred in Maryland. *See* Restatement (Second) § 221, Comment on Subsection (2) ("The place where a relationship between the parties was centered, provided that [the] relationship was substantially related to the receipt of enrichment, is the contract that, as to most issues, is given the greatest weight in determining the state of the applicable law."); *see also id.* ("Particular weight . . . will be given to the state where the act conferring the benefit or enrichment was done in situations where the place where the benefit or enrichment was received cannot be identified or where this place differs from that where the act conferring the benefit was done and bears little relation to the occurrence and the parties.").[8]

In summary, the allegations establish that the law of either Maryland or Colorado

---

[8]Plaintiff's argument also assumes that the compensation paid for Arepally's consulting services is the only benefit relevant to plaintiff's unjust enrichment claim. The Court disagrees with this assumption, as discussed in more detail below.

governs the statute of limitations applicable to plaintiff's unjust enrichment claim.

### C. Date of Claim Accrual

The Court next addresses when plaintiff's unjust enrichment claim accrued. Defendants argue that the claim accrued on August 6, 2013, the date the '775 Patent issued, because that is the date on which plaintiff knew or should have known that he was not named as an inventor. *See* Docket No. 18 at 6. Plaintiff responds that his claim did not accrue until 2015 when defendant Arepally began receiving compensation for consulting services provided in relation to the '775 patent. Docket No. 19 at 11-12; *see also* Docket No. 1 at 28, ¶ 102.

An unjust enrichment claims accrues "when a person discovers, or through the exercise of reasonable diligence should discover, that all elements of the claim are present." *Hannon Law Firm, LLC v. Melat, Pressman & Higbie, LLP*, 293 P.3d 55, 58 (Colo. App. 2011). Under Colorado law, an unjust enrichment claim requires a showing of three elements: "(1) at plaintiff's expense; (2) defendant received a benefit; (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 445 (Colo. 2000).[9]

---

[9]The elements of an unjust enrichment claim are the same under Maryland law, as are the rules governing claim accrual. *See Jason*, 134 A.3d at 533 ("To sustain a claim based upon unjust enrichment, the plaintiff must establish: 1) A benefit conferred upon the defendant by the plaintiff; 2) Appreciation or knowledge by the defendant of the benefit; and 3) Acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value or the return of money, if money is improperly withheld."); *id.* at 531 (stating that plaintiff's "claim of unjust enrichment 'accrued' when he 'knew or reasonably should have known of the wrong'"); *see also LVNV Funding, LLC v. Finch*, 2017 WL 6388959, at *31 (Md. Ct. Spec. App. Dec. 14, 2017) ("A claim of unjust enrichment accrues when one party confers the benefit at issue upon the other.").

The parties' disagreement over the date on which plaintiff's unjust enrichment claim accrued turns on the meaning of "benefit." Plaintiff contends that Arepally did not receive any benefit from the issuance of the '775 Patent in 2013 because all right, title, and interest to the patent had been assigned to Surefire. Docket No. 19 at 11. However, plaintiff's argument that the claim did not accrue until Arepally received payment for the consulting services he provided in connection with the catheter design conflates Arepally's improperly retained "benefit" with the profits he received as a result of that benefit. The Tenth Circuit's decision in *Grynberg v. Total S.A.*, 538 F.3d 1336 (10th Cir. 2008), provides guidance on this issue. That case involved a claim of unjust enrichment based on defendants' alleged misappropriation of confidential information regarding oil and natural gas deposits in Kazakhstan. *Grynberg*, 538 F.3d at 1340-41, 1351-52. The "parties dispute[d] when the defendants received the benefit that would establish [the plaintiff's] claim of unjust enrichment." *Id.* at 1352. According to the defendants, the relevant benefit – their valuable interest in the area containing the oil and gas deposits (the "AMI") – was not "unjustly retained" until the defendants began receiving profits that they were required to share with the plaintiff pursuant to the parties' agreements. *Id.* The court rejected this argument, holding that the defendants were unjustly enriched "when they obtained a [valuable interest in the AMI] by appropriating Grynberg's confidential information and efforts," not when they breached the parties' agreements by failing to share with plaintiff the profits earned from the oil and gas production. *Id.* at 1352-53.

Similar to *Grynberg*, plaintiff's unjust enrichment claim in this case is based on

defendant Arepally's intentional "misappropriation and use of [plaintiff's design]" for which plaintiff was entitled to compensation. *See* Docket No. 1 at 28-29, ¶¶ 103-106. Thus, under *Grynberg*, plaintiff's claim accrued when he knew or should have known that Arepally had misappropriated and used plaintiff's design without providing compensation, not when plaintiff learned that Arepally had obtained profits from the misappropriation. In arguing that Arepally did not receive any benefit until 2015, plaintiff construes the concept of "benefit" too narrowly, *Dudding*, 11 P.3d at 445 ("A benefit denotes any form of advantage."); *see also Indian Mountain Corp. v. Indian Mountain Metropolitan Dist.*, 412 P.3d 881, 888 (Colo. App. 2016) ("A benefit may be the performance of services beneficial to or at the request of another, or it may be anything that adds to another's security or advantage."),[10] and fails to recognize that a "benefit" for purposes of an unjust enrichment claim is distinct from the profits that may flow therefrom. *See, e.g.*, *Grynberg*, 538 F.3d at 1352-53; *see also Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 147 n.8 (Colo. 2007) ("[A]n injury is different from the damages that flow from the injury.").[11]

---

[10]The fact that Arepally assigned his rights to the anti-reflux catheter design to Surefire demonstrates that he obtained a benefit as a result of the misappropriation given that the right of assignment is itself a property interest for which an individual may be entitled to compensation. *See Univ. of Colo. Found, Inc. v. Am. Cyanamid Co.*, 105 F. Supp. 2d 1164, 1185 (D. Colo. 2000) (characterizing "the payment for an assignment of ownership rights in the '634 Patent" as a "financial opportunity that the University could have lost" for purposes of disgorgement analysis).

[11]Plaintiff argues that "Arepally's retention of the opportunity to commercialize the inventions was . . . not unjust" until 2015 because the "mere issuance of the patent alone did not guaranty or convey any right to compensation from commercialization of the patented inventions." Docket No. 19 at 11. Plaintiff appears to rely on *Sterenbuch v. Goss*, 266 P.3d 428 (Colo. App. 2011), in which the Colorado Court of Appeals held that the plaintiff's claim for unjust enrichment against attorneys who had acted

The Court finds the allegations in the complaint sufficient to establish that plaintiff knew or should have known of the facts underlying his unjust enrichment claim at the time the '775 Patent was issued on August 6, 2013. Plaintiff alleges that, "[i]n August 2012, while Surefire's first patent application was still pending, [Johns Hopkins University] brought Barnett's contribution" to the catheter design "to Surefire's attention"; however, "Surefire refused to acknowledge Barnett's rights or to discuss his positions directly with him." Docket No. 1 at 17, ¶ 46. The '775 Patent issued on August 6, 2013. *See* Docket No. 1-3 at 2. The patent lists Arepally and three other individuals as the inventors of the patented design, and Surefire as the "assignee." Docket No. 1-3 at 2. Based on these facts, plaintiff "knew or should have known that he was not named as an inventor" on the '775 Patent more than three years before he filed his complaint. Docket No. 18 at 6; *see also Gen. Elec. Co. v. Galbiati*, No. 13-cv-02053-RPM, 2015 WL 1186438, at *4 (D. Colo. Mar. 12, 2015) (finding that issuance of the patent "should have prompted [the plaintiff] to review its files and ensure that it had acquired ownership of the rights of all the co-inventors," and thus action based on defendant's failure to assign plaintiff his patent rights that was filed more than seven years after the patent issued was untimely).[12]

---

improperly to obtain the plaintiff's clients could not have accrued until the clients obtained recovery. *Id.* at 438. The Court agrees with defendant that this holding was specific to contingency fee litigation, in which attorneys are "aware of the possibility that they [will] receive no compensation at all for their legal services if there [is] no recovery in the underlying litigation." *Sterenbuch*, 266 P.3d at 438; *see also* Docket No. 20 at 7. Given the distinct factual circumstances of this case, *Sterenbuch* is of limited utility.

[12]Even if the Court were to assess the timeliness of plaintiff's claim based on the filing of plaintiff's complaint in his District of Maryland action, the result would be the same. The Maryland lawsuit was filed on May 15, 2017, *see Barnett v. Surefire Medical,*

16

**D. Equitable Issues**

In addition to his legal arguments regarding the applicable limitations period, plaintiff makes four equitable arguments for allowing his claim to proceed.[13]

Plaintiff first contends that, because six years is the limitations period applicable under both federal patent law and Colorado law for claims in which the damages sought are easily ascertainable, a six-year limitations period should apply here. *See* Docket No. 19 at 14. Plaintiff's argument is merely a reiteration of arguments already addressed by this Court and will be rejected for the same reasons stated above.

Second, plaintiff asserts that Surefire and Arepally have "known since 2012 that Barnett has been trying to resolve the issues that are the subject of his Complaint," yet they failed to disclose that Arepally "is personally liable for Surefire's actions related to the patented inventions" and have "actively sought to avoid engaging in meaningful discussions to resolve the matter." Docket No. 19 at 14. Plaintiff cites no authority indicating that defendants were obligated to either disclose Arepally's alleged personal liability or engage in discussions to resolve the parties' dispute. Rather than support the equitable tolling of the limitations period, plaintiff's assertions confirm the Court's conclusion that plaintiff knew or should have known of his cause of action long before

---

*Inc.*, No. 17-cv-01332-JFM, Docket No. 1 (D. Md. May 15, 2017), which was also more than three years after the '775 Patent was issued.

[13]Plaintiff does not specify the legal grounds on which he is basing his equitable arguments. Under Colorado law, however, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur*, 169 P.3d at 149 (internal quotation marks omitted). Plaintiff's equitable arguments do not demonstrate that either of these situations is present here.

he filed his complaint.

Plaintiff's third argument is that "it would be entirely inequitable to allow Arepally to avoid his personal obligations to [plaintiff]" because "Arepally has been involved every step of the way in the events that give rise to [plaintiff's] Complaint." *Id.* at 14. While this argument may support a finding of liability on the part of Arepally, it does not provide a basis for equitable tolling.

Finally, plaintiff contends that he "has been stymied at every turn by Defendants, including Arepally, in trying to address the inventorship issues," and that defendants have "actively sought to prevent [plaintiff] from learning the truth." *Id.* at 14-15. To the extent that these allegations are distinct from plaintiff's second argument, they are too vague to warrant equitable tolling.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Seventh Claim for Unjust Enrichment and Memorandum of Points and Authorities in Support Thereof [Docket No. 18] is **GRANTED** in part and **DENIED** in part as stated in this order. It is further

**ORDERED** that plaintiff's seventh claim for relief is hereby dismissed.

DATED September 23, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge